**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHARLES HILL ) | |
| ) | |
| Plaintiff, ) | Case No. 11-CV-9012 |
| ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| WARDEN MIKE ATCHISON, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |
| ) | |

**Memorandum Opinion and Order**

Petitioner, Charles Hill ("Hill"), filed a writ of habeas corpus for post conviction relief claiming he was denied his Sixth and Fourteenth Amendment rights to confrontation and effective assistance of counsel. Respondent, Mike Atchison ("Atchison"), moved to dismiss Hill's petition arguing that Hill failed to file his habeas petition within the statute of limitations, therefore, his petition was time barred. For the reasons detailed below, Atchison's motion to dismiss motion is granted.

**Background**

Hill was tried by a jury and convicted of first-degree murder in the 16th Judicial Circuit of Illinois, Kane County and was sentenced to forty eight years in prison. Hill's

conviction was affirmed by the Illinois Appellate Court. On November 26, 2008[1], the Illinois Supreme Court denied Hill's petition for leave to appeal and on March 23, 2009, the United States Supreme Court denied certiorari. Accordingly, on March 23, 2009, the statute of limitations for Hill to file a habeas petition began and continued until September 17, 2009, when Hill filed a state habeas petition for post-conviction relief. The amount of time between the Supreme Court's denial of Hill's petition to appeal and the filing of his state habeas petition was 178 days.

On October 6, 2009,[2] the circuit court denied Hill's state habeas petition. Hill appealed this decision to the Illinois Appellate Court which affirmed the circuit court's decision on January 25, 2011. Hill again filed an appeal, this time for the denial of his state habeas petition. The Illinois Supreme Court denied the appeal on May 25, 2011 and later accompanied its decision with a mandate issued on June 29, 2011.

Upon receipt of the Illinois Supreme Court's decision and mandate, Hill did not seek rehearing or reconsideration nor did he seek review by the United States Supreme Court. Instead, Hill sought federal habeas relief in this Court and, on July of 2011, requested his attorney, Marc Martin ("Martin") to file his habeas petition. Martin prepared a petition and mailed it to Hill in November of 2011. Hill received the petition, signed it, and returned the petition to Martin by first class postage prepaid through the prison's internal legal mailing system. Martin received Hill's signed petition sometime on or before November 29, 2011 and filed it on December 20, 2011.

---

[1] Petitioner's Response and Hill's federal habeas petition state the date as November 16, 2008, but Respondent's Exhibit C establishes that the date was actually November 26, 2008. In any case, this date is irrelevant in calculating Hill's limitations period.
[2] Again, the record is not clear on whether the exact date was October 5 or October 6, but this date is also irrelevant in our inquiry.

Respondent Atchison now moves to dismiss Hill's petition arguing that the petition was not filed within the Antiterrorism and Effective Death penalty Act ("AEDPA") allotted time period. Hill, on the other hand, argues that this Court should find that his federal habeas petition was timely filed.

**Discussion**

The AEDPA, 28 U.S.C. § 2244(d), establishes a one year or 365 day statute of limitations for prisoners seeking to file a federal habeas corpus petition. The statute of limitations is to begin on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," until the inmate files his habeas petition. *Id.* § 2244(d)(1)(A). However, the statute ceases to run while an "application for State post-conviction or other collateral review" is "pending." *Id.* § 2244(d)(2).

Hill's statute of limitations period began to run on March 23, 2009 (the date the U.S. Supreme Court denied cert to appeal his conviction) until September 17, 2009 (the date Hill filed his state habeas petition). 178 days passed during this time. Neither party contests that this time counted towards the statute of limitations period. Instead, the parties dispute the date on which Hill statute of limitations resumed running. Atchison contends that the statute of limitations resumed running on May 25, 2011, the date the Illinois Supreme Court denied Hill's petition to appeal the denial of his state habeas petition. Pursuant to Atchison's argument, November 28, 2011 was the last day to file Hill's federal petition, rendering Hill's December 20, 2011 federal habeas petition untimely.

Hill, on the other hand, asserts that the statute of limitations resumed running on June 29, 2011, the date when the Illinois Supreme Court issued its mandate pursuant to the denial of his appeal of his state habeas petition. Under this argument, January 2, 2012 would have been Hill's deadline to file a federal habeas petition rendering his rendering federal habeas petition timely filed.

Hill's argument, is inapposite of prior rulings in this jurisdiction. *See Jones*, 449 F.3d at 789; *Wilson*, 302 F.3d at 747; *see also PSL Realty Co.*, 427 N.E.2d at 570. Illinois courts have consistently held "that the date of the issuance of the mandate does not control the effective date of the appellate court judgment." *Id.*, *but see Lawrence*, 549 U.S. at 332.[3] None of the courts in this jurisdiction have held that State post-conviction proceedings remain "pending" past the date of the judgment. *See Jones*, 449 F.3d at 789; *Wilson*, 302 F.3d at 747. Therefore, Hill's statute of limitations resumed on May 25, 2011 when the Illinois Supreme Court issued an order denying his petition for leave to appeal his state habeas petition. 178 days of the limitation period having passed, Hill had 187 days, or until November 28, 2011 to file his federal habeas petition. Because Hill failed to file his habeas petition prior to that date, his petition is time barred.

Hill further argues that in the event the date the mandate was issued is not the proper date to resume running the statute of limitations, then the statute of limitations should have resumed at the expiration of either the twenty one day period to file for rehearing of the denial of his state habeas petition or the ninety day period Hill had to appeal to the U.S. Supreme Court.

---

[3] *Lawrence* explicitly uses the mandate issuance date for re-start of the limitation clock in accordance with longstanding Eleventh Circuit case law that has held the mandate issuance date as the effective date of judgment. While the circuits are divided on this issue, Hill is bound by the law in the Seventh Circuit, which does not consider the date a mandate is issued as the effective date of judgment.

Courts in this jurisdiction have held that after the Illinois Supreme Court issues an order denying leave to appeal, neither the time period petitioner has to motion for rehearing nor the ninety day period petitioner has to appeal to the U.S. Supreme Court tolls the limitations period in 28 U.S.C. § 2244(d)(2). *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) ("Illinois case law also provides . . . that a judgment is final when it is entered and that the filing of a petition for rehearing does not alter the effective date of the judgment."); *Simms v. Acevedo*, 595 F.3d 774, 790 (7th Cir. 2004) ("the time period during which a petition for reconsideration [. . .] can be filed after the denial of a petition for leave to appeal is not tolled for purposes of AEDPA."); *Lawrence v. Florida*, 549 U.S. 327, 327 (2007) (definitively holding that the time during the pendency of a certiorari petition following state post-conviction proceedings is not tolled because § 2244(d)(2) explicitly deals with "State" proceedings and the Supreme Court is not a part of that proceeding.) Accordingly, Hill's argument is unpersuasive and his federal petition for habeas relief remains untimely.

Hill also argues that the Court should apply the "mailbox rule" to his federal habeas petition filing. The mailbox rule allows inmates who file a post conviction petition to establish the filing date of their petition as the date the inmate tenders the petition to prison authorities for mailing. Fed. R. App. P. 4(c); *U.S. v. Craig*, 368 F.3d 738, 740 (7th Cir. 2004). Hill's declaration states that the mailing date of his petition is before November 29, 2011. Therefore, he argues that his petition should be considered filed some time before November 29, 2012.

If the Court were to apply the mailbox rule, it is possible that Hill's petition was filed prior to the statute of limitations deadline of November 28, 2011. However, various

circuits have held that the mailbox rule does not apply to prisoners who do not send their documents directly to the court for filing. *See Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003) ("Because Stillman was assisted by a lawyer and because he did not deliver his habeas petition to prison officials for forwarding *to the court*, he cannot take advantage of the mailbox rule") (emphasis added); *Cook v. Stegall*, 295 F.3d 517, 520-21 (6th Cir. 2002) ("we hold that the common law mailbox rule is inapplicable to the mailing of habeas petitions to third parties, as intermediaries, who then mail them to the court for filing"); *see also Paige v. United States*, 171 F.3d 559, 559 (8th Cir.1999) (holding that mailbox "rule did not apply to the interprison mailing of the motion to defendant by his brother, who was housed in a different prison and wrote defendant's motion for him").

Here, Hill mailed his petition to his lawyer who then electronically filed the petition on December 20, 2011. Although courts in this jurisdiction have not directly addressed this issue, courts have consistently held that the mailbox rule does not apply when the prisoners do not send their habeas petitions directly to the court. Hill has not provided any persuasive authority that says otherwise. Therefore, the mailbox rule does not rescue Hill's federal habeas petition.

Lastly, Hill argues that equitable tolling of the limitations period renders the filing of his petition timely. To be eligible for equitable tolling of the statute of limitations, a petitioner must show that 1) he pursued his rights diligently, and 2) some extraordinary circumstance interfered with his ability to timely file his petition. *Holland v. Florida*, 130 S.Ct. 2549, 2560, 62 (2010); *Griffith v. Rednour*, 614 F.3d 328, 331 (7th Cir. 2010); *see Lawrence*, 549 U.S. at 336.

Hill presents an affidavit from his attorney, to demonstrate that an extraordinary circumstance precluded him from timely filing his petition. Attorney Martin explains that he "calculated the statute of limitations date as expiring after January 1, 2012" and that if he "was incorrect in this calculation, it [was] through no fault of [Hill]." However, "simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland*, 130 S.Ct. at 2564. Thus, Hill has failed to put forth any allegations that constitute an extraordinary circumstance. Therefore, equitable tolling is unavailable and Hill is not eligible for relief.

## Certificate of Appealability

In the event the Court grants his motion to dismiss, Atchison also requests the Court to decline to issue a Certificate of Appealability ("COA"). A district court must either issue or deny a COA once it enters a final order adverse to a petition for habeas relief. A court may issue a COA only if the applicant has made a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253(c)(2); Fed, R. App. P. 22(b); see *Heilman v. Hardy*, No. 11-cv-3079, 2012 WL 1003657, at *4 (C.D. Ill. Mar. 27, 2012). A court may deny a COA when it disposes a case based on procedural grounds and "reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 474 (2000).

Hill's federal habeas petition is time barred without a formidable argument for relief. Although the Court does not address the merits of Hill's claims, its procedural

defect prevents him from moving beyond this stage. It is unlikely that reasonable jurists would conclude otherwise. Having found that Hill's petition is time-barred, this Court declines to issue a COA.

For the reasons set forth above, Respondent's motion to dismiss is GRANTED.

August 1, 2012

Sharon Johnson Coleman

District Judge